NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-18-HRW

GEORGE M. BRAMMELL                                                                                      PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

LINDA M. SPRINGER, DIRECTOR,
UNITED STATES OFFICE OF PERSONNEL MANAGEMENT                 DEFENDANT

The *pro se* plaintiff, George M. Brammell, lists his address as 477 Falls Branch, Grayson, Kentucky, 41147. Plaintiff has filed a four-page typewritten "petition for Writ of mandamus" to which he has attached several documents. Plaintiff alleges that he was denied the proper employment classification for a specific period of time during his employment by the Department for Veteran Affairs ("DVA"). Plaintiff has paid the $350.00 filing fee.

This matter is before the Court for initial screening under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple v. Glenn* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

DEFENDANT

The plaintiff has named Linda Springer as the defendant in this action. He identifies Springer as the Director of the United States Office of Personnel Management ("OPM").

CLAIMS

1

The plaintiff states that he retired from the DVA on January 3, 2007. He claims, however, that for the period of time between November 17, 2002, and January 3, 2007, he should have been classified as a Grade 14 employee of the DVA. The plaintiff complains that during this period of time the DVA continued to classify him only as a Grade 13 employee.

### RELIEF REQUESTED

The plaintiff seeks an Order of Mandamus from this Court, directing the defendant to correct his classification status after-the-fact. To the extent that the plaintiff may be arguing that he should be retroactively awarded a higher pay grade or pay classification, the plaintiff may be asserting a potential demand for monetary compensation.

### DISCUSSION

Based on the attachments to the "Petition for Mandamus," the plaintiff's claims may be time-barred or subject to other condition precedents necessary to advance claims against the OPM. Further development of these issues is required. The Court will require the defendant to answer the petition/complaint.

### CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The Ashland Clerk is directed to issue summons for Linda Springer, Director of the United States Office of Personnel Management.

(2)     The plaintiff shall be responsible for proper service of the summons and

2

the complaint/petition under the Federal Rules of Civil Procedure, paying particular attention to **all applicable provisions of Fed.R.Civ.P. 4.**

(3)     The plaintiff shall keep the Clerk of the Court informed of his current mailing address.  **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

(4)     For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This February 27, 2007.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge

3